UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES JUNIOR BARBER,

    Plaintiff,

v.                                        Case No.: 2:20-cv-693-FtM-38MRM

MEDICAL DEPARTMENT,
AMANDA MILLER, CHERIN
ALDERDIOE and ANNETT
ALDERMAN,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Charles Junior Barber's ("Barber") *pro se* Complaint filed under 42 U.S.C. § 1983 on September 4, 2020. (Doc. 1). Barber seeks to proceed *in forma pauperis* (Doc. 4). For the following reasons, the Complaint is dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## **BACKGROUND**

Barber is civilly committed to the Florida Civil Commitment Center ("FCCC") under the Sexual Violent Predators Act, Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator must be housed in a

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Complaint names the following as defendants: the "Medical Department," Amanda Miller ("Miller"), Cherin Aldendioe ("Aldendioe"), and Annette Alderman ("Alderman"). (Doc. 1).

The Complaint sets forth these facts, which the Court assumes as true at this stage in the proceedings. Two years ago, Barber saw Miller during a sick call and requested a monthly medical marijuana prescription for his glaucoma, which Miller denied. (*Id.* at 5). Barber filed a grievance against Miller, which Aldendioe denied. (*Id.*). Alderman denied Barber's appeal of the denial of his grievance. (*Id.*). Barber sues Defendants for violations of the Eighth, Fifth, and Fourteenth Amendments. (*Id.*).

## LEGAL STANDARD

Because Barber seeks to proceed *in forma pauperis*, the Court is to review the Complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Although Barber is considered a non-prisoner due to his civil commitment status, he is still subject to § 1915(e)(2). See *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (finding "no error in the district court's dismissal of [a non-prisoner's] complaint" under § 1915(e)(2)).

The standard that governs dismissals under 12(b)(6) applies to dismissals under § 1915 (e)(2)(B)(ii). See *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir.

2008). However, *pro se* complaints are held to "less stringent standards" than those drafted and filed by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for the purposes of Rule 12(b)(6), but a complaint is still insufficient without adequate facts. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly*, 550 U.S. at 556. Setting forth "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action" is not enough to meet the plausibility standard. *Id.* at 555. But the Court must read a *pro se* plaintiff's complaint in a liberal fashion. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that the defendant(s) deprived him of a right secured under the United States Constitution or federal law, and (2) the deprivation occurred under color or state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001). Plaintiff must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *See Swint v. City of Wadley*, 51 F.3d 988 (11th Cir. 1995).

## DISCUSSION

Barber claims Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights by refusing him medical marijuana for his glaucoma. At the outset, the Court finds the "Medical Department" is not a "person" and is not subject to § 1983 liability. Next, the Fifth Amendment applies to the federal government, and not to the states, so this claim is dismissed. *See Dusenbery v. United States,* 534 U.S. 161, 167 (2002). The Complaint attributes liability to Defendants Cherin and Alderman because they denied Barber's grievances. Because Barber does not have constitutionally protected liberty interest in a grievance procedure, Defendants Cherin and Alderman's involvement in the grievance process does not rise to a constitutional claim. *See Thomas v. Warner,* 237 F. App'x 435, 438 (11th Cir. 2007) (citations omitted).

Thus, the Court will address Plaintiff's claim as to Defendant Miller only. Plaintiff asserts Defendant Miller violated his Eighth and Fourteenth Amendment rights by refusing to treat his glaucoma with medical marijuana. Ordinarily an inmate's claim about his medical treatment invokes the protections of the Eighth Amendment. *See Thomas v. Bryant,* 614 F.3d 1288, 1303 (11th Cir. 2010) (citations omitted). However, because Plaintiff is a civil detainee, and not a prisoner, the less onerous "professional judgment" standard set forth in *Youngberg v. Romero,* 457 U.S. 307, 322-323 (1982), applies to his case.[2] *Hood*

---

[2] Because Plaintiff is civilly confined and not a prisoner, his rights emanate from the Fourteenth not Eighth Amendment. *See Youngberg,* 457 U.S. at 312.

4

*v. Dep't of Children & Families*, 700 F. App'x 988, 989 n.1 (11th Cir. 2017) (noting that the Eighth Amendment deliberate indifference standard does not apply when the Plaintiff is a civil detainee.  Rather, the professional judgment standard set forth by the Supreme Court in *Youngberg v. Romero*, should be applied).

In *Youngberg*, the Supreme Court held that the "professional judgment" standard was the appropriate test for determining whether a substantive due process right has been violated in the context of those of who have been involuntarily committed.  *Youngberg*, 457 U.S. at 322–323. Under that standard, "the Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." *Id.* at 321 (internal quotations and citations omitted).

The standard acknowledges "that courts must show deference to the judgment exercised by a qualified professional," *Id.* at 322, and that "i[f] for these reasons, the decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 322–323 (footnotes omitted). A "qualified professional" is defined as  "a person competent, whether by education, training or experience, to make the particular decision at issue." *Id.* at 323 n. 30.

Based on Plaintiff's allegations, only Defendant Miller could be considered a qualified professional.[3] Barber however fails to plausibly allege Miller's decision to deny him medical marijuana was a substantial departure from accepted medical standards. (*Id.*). While Plaintiff alleges Defendant Miller failed to give him his preferred course of action, he does not state Miller outright denied him treatment for his glaucoma. Nor does Barber allege that any medical provider has ever prescribed him marijuana to treat his glaucoma. And the Florida Constitution does not require Defendant Miller to treat Barber's glaucoma with marijuana. *See* Fla. Const. art. X, § 29(c)(6) ("Nothing in this section shall require any accommodation of any on-site medical use of marijuana in any correctional institution or detention facility[.]"). Because Plaintiff has not alleged conduct outside the standard norms for medical practice, his Fourteenth Amendment claim must fail.

Other courts have similarly dismissed constitutional claims based on failing to treat glaucoma with medical marijuana. *See Morris v. Modhaddam*, No. 2: 18-CV-2850-MCEK-JNP, 2019 WL 1934019, at *3 (E.D. Cal. May 1, 2019), *report and recommendation adopted*, No. 2:18-CV-2850-MCEK-JNP, 2019 WL 2185212 (E.D. Cal. May 21, 2019), *appeal dismissed*, No. 19-16175, 2019 WL 4273812 (9th Cir. June 26, 2019) (holding plaintiff's mere difference of opinion between himself

---

[3] There are no allegations that Defendants Aldendioe and Alderman practiced medicine, offered medical advice, or treated residents. (*Id.*). Thus, because they were not decision makers, as defined in *Youngberg*, Plaintiff's claim against them must fail. *See Corpus v. Lamour*, No. 2: 16-CV-620-FTM-38MRM, 2018 WL 5221241, at *4 (M.D. Fla. Oct. 22, 2018), appeal dismissed (Feb. 21, 2019).

and defendants about the appropriate treatment for his glaucoma did not state an Eighth Amendment claim); Morris v. Schwarzenegger, No. 10-CV-1305 JAH-NLS, 2010 WL 3369365, at *3 (S.D. Cal. Aug. 25, 2010) (same).  These cases, although not binding, are persuasive.  Because Plaintiff has no constitutional right to demand the medicine of his choosing, his Fourteenth Amendment claim must fail.

In sum, Plaintiff has failed to allege a constitutional violation, and the Complaint is due to be dismissed.  Because the Complaint is dismissed without prejudice, Plaintiff may file a new complaint.  Plaintiff should not use this case number when filing a new complaint.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Charles Junior Barber's Complaint (Doc. 1) is **DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii)**.
2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 19, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record